JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>                   v.<br><br>ONE 2017 MERCEDES-BENZ MODEL E43, VIN WDDZF6EB7HA173836,<br><br>             Defendant. | Case No.: 2:21-cv-07101-AB (PVCx)<br><br><br>[PROPOSED] **CONSENT JUDGMENT OF FORFEITURE** |
| JOVANY SEPULVEDA,<br><br>             Claimant. | |

     Plaintiff United States of America ("the government") and Potential Claimant Jovany Sepulveda ("Sepulveda"), have made a stipulated request for the entry of this Consent Judgment, resolving this action in its entirety.

     The Court, having considered the stipulation of the parties, and due to the appearance of good cause, **HEREBY ORDERS, ADJUDGES AND DECREES**:

     1.   This Court has jurisdiction over the subject matter of this action and the parties to this Consent Judgment of Forfeiture.

2.    The Complaint for Forfeiture states a claim for relief pursuant to 21 U.S.C. § 881(a)(4).

3.    Notice of this action has been given as required by law. All potential claimants to the Defendant Vehicle other than Sepulveda are deemed to have admitted the allegations of the Complaint for Forfeiture to be true with respect to the defendant vehicle.  The allegations set out in the Complaint are sufficient to establish a basis for forfeiture.

4.    The United States of America shall have judgment as to the interests of Claimant and all other potential claimants as to the Defendant Vehicle, which property shall be condemned and forfeited to the United States of America.

5.    Title to the Defendant Vehicle having vested in the United States of America, the United States of America shall proceed to dispose of the Defendant Vehicle in accordance with law.  Upon disposition of the Defendant Vehicle, the proceeds of the sale of the Defendant Vehicle, to the extent available, shall be payable in the following priority:

a.    First, to the United States of America (including its agency the United States Marshals Service), for all expenses incurred relative to the Defendant Vehicle, including, but not limited to, expenses of custody, advertising, and sale;

b.    Second, payment of $10,544.45 to the lienholder of the Defendant Vehicle, CIG Financial; and

c.    Third, the sum of $5,000.00 only (without interest) shall be returned to Sepulveda through his counsel.

d.    The remainder of proceeds from the sale of the Defendant Vehicle, shall be condemned and forfeited to the United

1    States of America, which shall dispose of the funds in accordance

2    with law.

3         6.    The funds to be returned to Sepulveda shall be paid through

4    his counsel by electronic transfer.  Sepulveda and his attorney shall

5    provide all information and complete all documents requested by the

6    government to facilitate the transfer, including, without limitation,

7    providing Sepulveda's social security or taxpayer identification

8    number,  the identity of the bank, and the bank's address, account

9    name, account number, account type and routing number for the account

10   to which the transfer of funds is to be made.

11        7.    There was reasonable cause for the seizure of the Defendant

12   Vehicle and institution of these proceedings.  This judgment shall be

13   construed as a certificate of reasonable cause pursuant to 28 U.S.C.

14   § 2465.

15        8.    Sepulveda did not substantially prevail in this action, and

16   the parties hereto shall bear their own attorney fees and costs.

17

18    Dated: December 13, 2021        _____

19                                     HON. ANDRÉ BIROTTE JR.
                                       UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

                                      3